**Roy W. GRANT, Plaintiff–Appellant,**

**v.**

**UNITED STATES, Defendant–Appellee.**

No. 01–5081.

United States Court of Appeals,
Federal Circuit.

Feb. 15, 2002.

Before MAYER, Chief Judge,
BRYSON, and DYK, Circuit Judges.

PER CURIAM.

Appellant Roy W. Grant filed this action in 1997, contending that the government made use of technology that was embodied in a patent belonging to him, and that pursuant to 28 U.S.C. 1498(a) the government should be required to compensate him for the value of the patent rights that

the government appropriated. The Court of Federal Claims entered summary judgment for the government, holding that Mr. Grant's action was untimely.

We agree with the analysis and conclusion of the Court of Federal Claims. Because the issues Mr. Grant raises in this court were fully addressed and disposed of by the Court of Federal Claims in its comprehensive opinion, we *affirm* the judgment of the Court of Federal Claims for the reasons given by that court. As the non-moving party with the burden of proof on the issue of timeliness, *see Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998), Mr. Grant had the responsibility to offer sufficient evidence to support a judgment in his favor, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court correctly concluded that Mr. Grant failed to offer anything more than speculation that some of the accused flame filters might have been manufactured within the limitations period. In addition, the court correctly held that Mr. Grant's evidence of his disability during the pre-filing period was not evidence of the kind of disability required to toll the six-year limitations period of 28 U.S.C. § 2501. The trial court therefore correctly entered summary judgment for the government.